

## COZEN
## O'CONNOR

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

December 3, 2008

**John C. Barnoski**
Direct Phone 215-665-4681
Direct Fax    215-701-2281
jbarnoski@cozen.com

**VIA ELECTRONIC FILING AND**
**FEDERAL EXPRESS**

The Honorable Lawrence F. Stengel, U.S.D.J.
The Madison Building, Room 401
400 Washington Street
Reading, PA  19601-3956

Re:  *Sovereign Bank v. Terwin Advisors LLC, No. 08-0402 (LFS)*
      *Sovereign Bank v. Terwin Holdings LLC, et al., No. 08-1256 (LFS)*

Dear Judge Stengel:

      We represent Terwin Advisors LLC, Terwin Holdings LLC, and Terwin Employees LLC (collectively, "Terwin"), which are defendants in the actions referenced above (the "Actions"). Last week, Neil C. Schur, counsel for plaintiff Sovereign Bank ("Sovereign"), contacted me and advised that Your Honor was requesting that the parties submit a letter regarding the status of the settlement that had been reached by the parties on September 18, 2008.  Counsel for Sovereign asked that we submit the following letter to Your Honor, the content of which has been approved by Mr. Schur.

      As Your Honor is aware, in connection with the parties' settlement, counsel submitted a Stipulation and Order as to Stay of Action for each matter (collectively, the "Stipulations"). Among other things, the Stipulations stated that the parties believed that the terms of the settlement, which are executory in nature, could be performed within sixty (60) days. Accordingly, the parties requested that the Actions be stayed for that amount of time.  If, however, the settlement was not consummated within the 60-day stay period, the Stipulations provided that either party could so inform the Court and request that the Actions be restored to active status.  Your Honor signed the Stipulations on September 25, 2008.

      Since that time, Terwin has been actively attempting to complete its obligations under the settlement, which has now resulted in Terwin having to liquidate a Treasury Bill ("T-Bill"). Terwin expects that the T-Bill will be liquidated within the next thirty (30) days, and the proceeds will then be paid to Sovereign.  Counsel for Sovereign is aware of the additional time required by Terwin to complete the process, its counsel has advised that it does not object to the additional time, and neither party is requesting that the Actions be restored to "active" status at

The Honorable Lawrence F. Stengel, U.S.D.J.
December 3, 2008
Page 2

this time.  However, the parties respectfully reserve the right to do so if Terwin has not
performed its obligations under the settlement after the additional 30 days.

Accordingly, the parties jointly request that the stay remain in place at the current time,
as the parties expect that the settlement will be finalized shortly and a Stipulation of Dismissal
will be filed.  Should Your Honor wish to discuss any of the above with counsel, counsel is
available at Your Honor's convenience.

Respectfully,

COZEN O'CONNOR

By      John C. Barnoski

cc:     Charles J. Bloom, Esquire
        Neil C. Schur, Esquire
        William J. Taylor, Esquire